UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIEL COATES,

                         Plaintiff,

  -vs-                                                                          09-CV-933-JTC

CITY OF NIAGARA FALLS, NEW YORK,
THE INTERNATIONAL BROTHERHOOD
OF TEAMSTERS, TEAMSTERS JOINT
COUNCIL NO. 46 AND THE INTERNATIONAL
BROTHERHOOD OF TEAMSTERS, LOCAL
NO. 264,

                        Defendants.

---

By order of Chief United States District Judge William M. Skretny dated November 5, 2010, this matter was reassigned to the undersigned for all further proceedings. Defendant City of Niagara Falls has moved pursuant to Rule 37 of the Federal Rules of Civil Procedure seeking dismissal of the action as a sanction for plaintiff's continued failure to provide discovery responses (Item 29), and plaintiff has responded with a motion requesting an extension of the discovery deadline until thirty days following resolution of the City's motion to dismiss (Item 30).[1]

---

[1] On September 18, 2009, plaintiff's counsel filed an action in this court on behalf of another individual, Mary Richardson, seeking identical relief against the City and the Union on substantially identical legal grounds, based on the same conduct relating to negotiation of the severance agreement upon abolishment of the Detention Aide position. *Richardson v. City of Niagara Falls*, Case No. 09-CV-824. That case has also been reassigned to the undersigned. Given the similarity of the parties, attorneys, facts and legal issues involved, the two cases were tracked on the same litigation schedule, and the same discovery problems gave rise to an identical motion by the City in No. 09-CV-824 to dismiss that case, as well as an identical response by the plaintiff seeking an extension of discovery. Those motions are addressed in a separate order, to be entered in No. 09-CV-824.

## BACKGROUND

Plaintiff Daniel Coates filed this action on October 29, 2009, against his employer, the City of Niagara Falls, and his Union, Teamsters Local No. 264. He alleges that the City and the Union negotiated the terms of a severance agreement upon abolishment of his Detention Aide position which required him to waive his administrative discrimination charge pending with the New York State Division of Human Rights (cross-filed with the Equal Employment Opportunity Commission). Plaintiff asserts that this conduct on the part of the City and the Union caused him to give up a valuable claim that similarly situated Caucasian employees were not required to give up, resulting in intentional discrimination in violation of the Civil Rights Act of 1991, 42 U.S.C. § 1981, and the New York Human Rights Law, N.Y. Exec. Law § 296, as well as giving rise to a "hybrid" claim for breach of the collective bargaining agreement between the Union and the City and breach of the duty of fair representation on the part of the Union, in violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and Section 9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a).

The case was originally assigned to the docket of Chief Judge William M. Skretny, who referred the matter upon joinder to Magistrate Judge Hugh B. Scott pursuant to 28 U.S.C. § 636(b)(1)(A) for pre-trial matters. Following a scheduling conference, Judge Scott entered an order on January 8, 2010 setting a schedule for discovery, dispositive motions, and trial. Judge Scott also directed the parties to pursue mediation in accordance with the court's Alternative Dispute Resolution ("ADR") program, with the reminder that referral to

mediation "will not delay or defer other dates contained in this Scheduling Order and has no effect on the progress of the case toward trial." Item 11.

On January 15, 2010, the City served document requests, interrogatories, and deposition notices, along with authorizations for release of plaintiff's employment and school records, tax returns, and health information. *See* Item 16, Exs A-F. On February 2, 2010, prior to the February 17 due date, plaintiff's counsel sent the City a letter indicating that, notwithstanding his client's objection to the "blank authorizations for school, employment and medical records," steps were being taken to gather those records and to execute "appropriate authorizations." Item 16, Ex. G. According to defense counsel, shortly after the due date the parties reached a verbal agreement to hold off on discovery until completion of mediation, scheduled for March 3. When mediation did not result in settlement (*see* Item 14, Mediation Certification), defense counsel wrote to plaintiff's counsel demanding responses to the written discovery requests by April 9. Item 16, Ex. H. No responses were received, and on April 27 the City moved to compel pursuant to Fed. R. Civ. P. 37(a). Item 16.

By order dated June 11, 2010 (Item 20), Judge Scott granted the City's motion and directed the City to submit an application for reasonable expenses incurred in making the motion. This application for expenses was deemed moot upon plaintiff's counsel's filing of an affirmation asserting that he paid defense counsel the amount sought. *See* Items 24, 25. In that same affirmation, plaintiff's counsel stated that he "anticipate[d] full disclosure of all outstanding discovery by July 23, 2010." Item 24.

Again, no responses were forthcoming by the promised date. In a letter dated September 3, 2010, counsel for the City wrote a letter to the court explaining that although

he had not yet received the responses, "[t]he parties appear to have resolve[d] the issue" since he had spoken to plaintiff's counsel and was assured that he could expect to receive complete responses "by early next week." Item 26. The letter further advised that counsel had agreed upon an extension of the discovery and dispositive motion deadlines to allow for the taking of plaintiff's deposition. Judge Scott granted this joint request, re-setting the discovery cutoff at November 1, and the dispositive motion deadline at December 13, 2010. Item 27.

On October 14, 2010, the City filed a motion pursuant to Rule 37 of the Federal Rules of Civil Procedure seeking dismissal of the action as a sanction for plaintiff's continued failure to provide the outstanding responses. Item 29. In response, plaintiff filed a motion requesting an extension of the November 1 discovery deadline, "allowing discovery to be concluded 30 days following this Court's resolution of the pending motion." Item 30. The case was then reassigned to the undersigned for all further proceedings.

## DISCUSSION

Fed. R. Civ. P. 37(b)(2)(A) provides a range of sanctions for the district court to consider, within its discretion, if a party fails to obey an order to provide or permit discovery, including "dismissing the action or proceeding in whole or in part . . . ." Fed. R. Civ. P. 37(b)(2)(A)(v). The Second Circuit has cautioned, however, that "dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault" on the part of the offending party. *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943 (1991) (internal quotation marks and citations omitted). Before imposing the sanction of dismissal,

the court should consider whether lesser sanctions would be effective, *see Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 139 (2d Cir. 2007), and it should warn the offending party "that violation of the court's order will result in a dismissal of the case with prejudice." *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995). "Rule 37 permits the imposition of 'just' sanctions; the severity of sanction must be commensurate with the non-compliance." *Shcherbakovskiy*, 490 F.3d at 140.

As outlined above, the record in this case reveals that the City's first set of written discovery demands was served in mid-January 2010, with responses due within thirty days. This initial deadline was adjourned by consent of the parties pending the outcome of mediation, which concluded without settlement after the single mediation session in early March. The document demand was renewed by letter in late March, requesting responses by April 9. When this request went unheeded, the City moved to compel. Judge Scott granted the motion, and directed the City to submit an application for motion expenses, as warranted under Fed. R. Civ. P. 37(a)(5)(A) (if motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.").

Judge Scott's order did not set a date for delivery of the delinquent written discovery, nor did the order explicitly state that failure to provide the responses to interrogatories, document demands, and authorizations could result in dismissal of the action with prejudice. However, the record reflects the parties' understanding that these responses would be provided by July 23, 2010, and the parties subsequently agreed to extend the date to the early part of September in an apparent resolution of the matter. Given his long

history of involvement in many different civil actions before this court, plaintiff's counsel clearly should have understood that failure to provide the discovery encompassed by Judge Scott's order would subject him and his client to the full range of sanctions provided in Rule 37(b)(2)(A).

By the same token, the court must proceed "with the greatest reluctance . . . [to] visit upon the client the sins of counsel, absent [the] client's knowledge, condonation, compliance, or causation." *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d. Cir. 1979) (Oakes, C.J., concurring). The essential reason for this "traditional reluctance . . . is the policy of the law favoring the disposition of cases on their merits." *Affanato v. Merrill Bros.*, 547 F.2d 138, 140 (1st Cir. 1977); *cf. Hollingsworth v. City of New York*, 1997 WL 91286, at *3 (S.D.N.Y. Mar. 4, 1997) (court considering dismissal as discovery sanction should keep in mind "strong policy favoring disposition of claims on their merits"). There is nothing in the record presently before the court in this case to suggest that the plaintiff himself has had anything to do with the delay in compliance with the City's reasonable discovery requests. Rather, the circumstances suggest that the delay occasioned by the failure to respond is entirely attributable to counsel, based on conduct falling somewhere between "mere oversight . . . amounting to no more than simple negligence" and "gross professional incompetence" justifying dismissal. *Cine Forty-Second St.*, 602 F.2d at 1068.

While this conduct rests precipitously on the verge of what the courts have deemed worthy of sanctions, the court notes that the dispute arose at the initial stage of fact discovery, making it difficult to determine whether any of the sanctions available under Rule 37(b)(2)(A) would serve an effective purpose at this juncture. The City has not

suggested any appropriate alternatives to dismissal, and the record as it stands does not present compelling reasons for the court to schedule a hearing to show cause why a punitive sanction should or should not be imposed. *See, e.g., Satcorp International Group v. China National Silk Import & Export Corp.*, 101 F.3d 3, 6 (2d Cir. 1996) (due process requires notice and opportunity to be heard prior to imposition of punitive sanction under Rule 37).

Rather, considerations of fair play, the "strong policy favoring disposition of claims on their merits," and the lack of any demonstrated prejudice to the City, dictate that plaintiff be afforded one last opportunity to respond to the City's discovery demands in a manner calculated to provide the City with sufficient information to conduct plaintiff's deposition within a reasonable time frame. Accordingly, while the court does not condone the conduct which has resulted in the inordinately long delay in accomplishing even the initial phase of discovery, it declines at this time to impose either the harsh sanction of dismissal or any of the alternative sanctions available under Rule 37(b)(2)(A).

## **CONCLUSION**

Based on the foregoing, the court directs plaintiff to fully respond to the City's outstanding discovery requests, including completion of the authorizations as submitted, by February 16, 2011. The parties shall make every effort to complete the taking of plaintiff's deposition by February 28, 2011, at which time discovery shall be considered to be completed. Plaintiff is hereby expressly warned that failure to comply with the directives contained herein, or to otherwise refrain from conduct in violation of the terms of this order, will result in dismissal of the case with prejudice.

Defendants' time within which to file dispositive motions is hereby extended to May 2, 2011. Upon receipt and review of the motion papers, the court will issue a schedule for briefing and, if necessary, argument. All further dates and proceedings in the previously entered scheduling/case management order (Item 27) are adjourned generally.

The City's motion for sanctions (Item 29) is denied, without prejudice to renew upon showing that plaintiff has failed to comply with the terms of this order.

Plaintiff's motion for extension of time to complete discovery (Item 30) is deemed moot in light of the directives and schedule contained herein.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: 1/27 , 2011